UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|    Plaintiff, | |
| v. | Case No. 8:03-cv-2731-T-30MSS |
| REAL PROPERTY LOCATED AT 1576 SOUTH GREENWOOD AVENUE A/K/A 1576 SOUTH MARTIN LUTHER KING JR. AVENUE, CLEARWATER, FLORIDA, INCLUDING ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, | |
|    Defendant. | |

**ORDER OF FORFEITURE AS TO THE REAL PROPERTY
LOCATED AT 1576 SOUTH GREENWOOD AVENUE, CLEARWATER, FLORIDA**

This court conducted a hearing on March 28, 2005, at which evidence was presented and argument was heard concerning the civil forfeiture of real property located at 1576 South Greenwood Avenue, Clearwater, Florida, including all improvements thereon and appurtenances thereto, the legal description for which is attached hereto as Exhibit A and fully incorporated herein by reference.

On March 3, 2004, Claimants George Pearson, Sr., and Laverne P. Hampton both filed timely claims, each alleging an interest in the real property and seeking to thwart the government's seizure of the property pursuant to 21 U.S.C. § 881(a)(7), as property which bears a substantial connection to illegal drug activity.  Both claimants asserted their individual claims as innocent owners.

Based on the evidence presented and the arguments made by counsel, this court makes the following determinations:

The government has established a substantial connection between the defendant property and the illegal drug activity on the premises and the determination of a substantial connection is found.

Claimant George Pearson, Sr., has failed to prove that he is an innocent owner. The court has determined that he was fully aware of the illegal drug activity taking place on the premises over which he had dominion and control. Further, Pearson did nothing to terminate such illegal use of the property.

Claimant Laverne Hampton has proved by a preponderance of the evidence that she is an innocent owner of the property and that based on her legal obligation to satisfy the mortgage on the defendant property, she retains a fifty percent (50%) interest in the defendant property subject to the state law requirements for an accounting between co-owners in the event of a partition sale. This order does not alter anyone's obligation under the note and mortgage encumbering the property.

NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

The Order of Forfeiture as to the real property, is hereby entered as follows:

1.   George Pearson, Sr.'s interest in the real property at 1576 South Greenwood Avenue, Clearwater, including all improvements thereon and appurtenances thereto, is hereby forfeited to the United States of America by this order.

2.  The United States and Laverne Hampton hold title to the defendant property as tenants in common.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Attachment:
Exhibit "A" - Legal description

Copies to:
Adelaide G. Few, AUSA
All Counsel of Record

F:\Docs\2003\03-cv-2731.ForfeitureOrder.wpd

3

**Exhibit A**

LOTS 13 and 14, BLOCK F, SECOND ADDITION TO BELMONT, according to the map or plat thereof as recorded in Plat Book 6, page 89, Public Records of PINELLAS County, Florida.

SUBJECT TO that certain mortgage executed by LEANDRO MASSEY and EVELYN D. MASSEY, husband and wife, in favor of FIRST SOUTHERN MORTGAGE CORPORATION, formerly d/b/a GREAT SOUTHERN MORTGAGE CORPORATION, dated 4/30/87, recorded 5/7/87, in O.R. Book 6488, page 12, as assigned in O.R. Book 6519, page 674, Public Records of Pinellas County, Florida, with a remaining principal balance of $37,238.41, which the Grantees herein assume and agree to pay according to the terms thereof.

NOTE: Subject property was acquired by the Grantor herein through Final Judgment of Dissolution of Marriage filed in O.R. Book 7227, page 1251, et seq., Public Records of Pinellas County, Florida.